```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                   Civil No. 18-1760(DSD/SER)
```

Jorge Osorio,

      Plaintiff,

v.                                                     **ORDER**

Minneapolis Hotel Acquisition Group,
LLC dba Minneapolis Marriott Northwest,
a Delaware corporation, successor
corporation to Benchmark Hospitality and
StepStone Hospitality, Inc. dba The
Northland Inn/Marriott Northland
Inn/Minneapolis Marriott Northwest,

and

StepStone Hospitality, Inc., a Rhode
Island corporation, successor corporation
to Benchmark Hospitality and predecessor
corporation to Minneapolis Hotel
Acquisition Group, LLC, dba The
Northland Inn/Marriott Northland Inn
and/or Minneapolis Marriott Northwest,

      Defendants.

> Ronald S. Latz, Esq. and Ronald S. Latz PA, 5821 East Sunset Ridge Business Park, 5821 Cedar Lake Road, St. Louis Park, MN 55416, counsel for plaintiff.
>
> Alyssa M. Toft, Esq. and Jackson Lewis P.C., 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402 and Richard Greiffenstein, Esq. and Jackson Lewis P.C. 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402, counsel for defendant StepStone Hospitality, Inc.

This matter is before the court upon the motion to dismiss the amended complaint by defendant StepStone Hospitality, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

BACKGROUND

This employment dispute arises out of plaintiff Jorge Osorio's termination from his employment at The Northland Inn on June 6, 2012.[1] Am. Compl. ¶ 18, Latz Aff. Ex. 1. Osorio worked as a buffet table attendant from 1999 until his termination. Am. Compl. ¶ 2. On November 28, 2009, Osorio was injured while on duty when a full can of soda fell several stories in the hotel's atrium and hit him on the head. Id. ¶ 9. Osorio filed a worker's compensation claim, which The Northland Inn contested. Id. ¶¶ 11-13.

Osorio alleges that after he filed his worker's compensation claim, his supervisors treated him unfairly, berated him publicly, refused to accommodate his medical restrictions, and questioned his need to attend medical appointments. Id. ¶ 14. Osorio and The Northland Inn ultimately settled the worker's compensation claim on April 18, 2012. Id. ¶ 15. Osorio alleges that when he returned to work the next day, the human resources director told him that he had to resign his position in order to receive his paycheck and

---

[1] Osorio alleges that The Northland Inn terminated or "attempted" to terminate him on March 19, 2012, but he provides no context for that allegation. See Am. Compl. ¶¶ 2, 8. Later in the Amended Complaint, however, he alleges that on April 19, 2012, someone in the human resources department tried to force him to resign. Id. ¶ 16. At the hearing, counsel for Osorio conceded that the March date was a scrivener's error. In any event, it appears to be undisputed that Osorio was actually terminated on June 6, 2012, see Am. Compl. ¶ 18, Latz Aff. Ex. 1, and the court will analyze the motion accordingly.

ongoing medical insurance. Id. ¶ 16. Osorio contacted his worker's compensation attorney, who resolved the issue, at least temporarily. Id. Osorio continued to work at The Northland Inn under difficult circumstances until his termination on June 6, 2012.[2] Id. ¶¶ 17-18.

On April 9, 2018, Osorio commenced this lawsuit in Hennepin County District Court by serving defendant Minneapolis Hotel Acquisition Group, LLC (MHAG).[3] Latz Aff. Ex. 2. The original complaint identifies MHAG as doing business as "Minneapolis Marriott Northwest, a Delaware corporation, successor corporation to Benchmark Hospitality and StepStone Hospitality dba as The Northland Inn/Marriott Northland Inn/Minneapolis Marriott Northwest." Id. Ex. 3 at 1; see also id. ¶ 3. In that complaint, Osorio alleged that MHAG unlawfully discharged him in retaliation for filing his worker's compensation claim. Id. ¶¶ 5-21.

On April 11, 2018, counsel for MHAG told Osorio's counsel that, although MHAG currently owned The Northland Inn, the previous owner, StepStone Hospitality, Inc., retained all liabilities incurred before the acquisition and therefore would likely be the

---

[2] It is unclear whether Osorio resigned his position or was terminated by The Northland Inn. The court need not determine which is the case for purposes of this motion.

[3] Osorio retained his counsel in December 2012, soon after his termination. ECF No. 33 ¶ 3. There is no explanation in the record as to why Osorio waited until April 2018 to commence suit.

3

proper defendant in this matter.[4]  Latz Aff. ¶¶ 5-6.  On May 25, 2018, counsel for MHAG provided Osorio with the name and address of StepStone's registered agent in Minnesota as well as the contact information for its counsel.  Id. Ex. 6 at 2-3.

Counsel for Osorio then sent an email to StepStone's counsel asking StepStone to, among other things, waive any statute of limitations defense.  Id. at 7.  Counsel for StepStone responded on May 29, 2018, noting that StepStone had not yet been served with a complaint and stating that it would respond to a lawsuit in due course after such service.  Id. at 10.  Osorio served StepStone with the amended complaint on June 8, 2018.  Latz Aff. Ex. 5.  Defendants removed to this court on June 27, 2018, and StepStone now moves to dismiss Osorio's claim against it as untimely.[5]

## I.  Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

---

[4]  Counsel for Osorio recently filed a supplemental affidavit stating that he now has "come to doubt" his earlier recollection that he was first informed that StepStone retained liabilities relating to The Northland Inn in April 2018.  ECF No. 32 ¶¶ 3-4. At the hearing, StepStone moved to strike the affidavit as improper and untimely.  The court agrees with StepStone and will disregard the affidavit.

[5]  After full briefing on this motion, counsel for Osorio filed a motion to withdraw based on a potential conflict of interest.  The parties agree that the court should decide the instant motion before considering the motion to withdraw.

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).

**II. Statute of Limitations**

The parties agree that the six-year limitations period set forth in Minn. Stat. § 541.05, subdiv. 1(2) applies to this action. See McDaniel v. United Hardware Distrib. Co., 469 N.W.2d 84, 88 (Minn. 1991) (concluding that the six-year limitations period set forth in § 541.05, subdiv. 1(2) applies to actions alleging

retaliatory discharge under the worker's compensation act). The parties also agree that the limitations period commences on the date of the adverse employment action. Here, the limitations period commenced on June 6, 2012, the date of Osorio's termination, and therefore expired on June 6, 2018. There is no dispute that Osorio's claim against MHAG is timely, because he served the original complaint on April 8, 2018. But StepStone was not served with the amended complaint until June 8, 2018, two days after the limitations period expired. According to StepStone, any claim against it is time barred. Osorio responds that the amended complaint relates back to the date of the original complaint, thus rendering his claim against StepStone timely.

An amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted, if the claim arises out the same conduct, transaction, or occurrence set out in the original complaint and if, within the ninety-day period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> [1] received such notice of the action that it will not be prejudiced in defending on the merits; and

> [2] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

6

Fed. R. Civ. P. 15(c)(1)(C).[6]

Osorio argues that he has satisfied Rule 15(c)(1)(C) because he mistakenly failed to include StepStone as a party in the initial pleading because he was confused about which entity retained liability relating to his injury. He also argues that StepStone was aware that it would have been sued absent a mistake within the ninety-day service period set forth in Rule 4(m) and the limitations period. StepStone responds that Osorio has not adequately established that he made a "mistake" within the meaning of Rule 15(c). StepStone does not contest, however, that it had knowledge of a potential action against it within Rule 4(m)'s service period, nor does it argue that it will be prejudiced in defending the case on the merits.

Although the court is troubled by Osorio's failure to amend his complaint to include StepStone as a defendant within the limitations period, Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010), compels the conclusion that the amended complaint relates back to the original complaint.

In Krupski, the Court held that a plaintiff who sued the wrong corporate entity and did not discover the proper party until after the limitations period expired - but within the ninety-day period

---

[6] StepStone argues that whether the amended complaint relates back should be decided under Rule 15.03 of the Minnesota Rules of Procedure rather than Rule 15(c). For purposes of this case, there is no apparent conflict between the rules so the court will analyze the motion under Rule 15(c).

7

set forth in Rule 4(m) - had made a "mistake concerning the proper party's identity" rather than a "deliberate decision" not to sue the proper party.  Id. at 545.  The Court explained that the "mistake" prong of the analysis is met even where a plaintiff is aware of the existence of two parties, but fails to "understand the factual and legal differences" between them.  Id. at 549.

The circumstances are similar here.  Osorio initially sued MHAG apparently mistakenly believing that MHAG had acquired The Northland Inn's liabilities from StepStone.  Osorio even included StepStone in the caption indicating that MHAG was a "successor corporation" to StepStone.  Thus, although Osorio was aware of StepStone's existence when he served the original complaint, he clearly did not understand the relationship between MHAG and StepStone and therefore did not deliberately decide to sue MHAG instead of StepStone.[7]  In other words, Osorio made a "mistake concerning the proper party."  Fed. R. Civ. P. 15(c)(1)(C)(ii). And, crucially, the record establishes that StepStone was aware of that mistake within the ninety-day period set forth in Rule 4(m).

---

[7] StepStone relies heavily on Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 792 (8th Cir. 2009), in support of its position.  The court is unpersuaded.  First, Sandoval predates Krupski and may therefore be in doubt.  Second, in Sandoval plaintiff's counsel waited until after the ninety-day period under Rule 4(m) had expired to amend the complaint despite having the information necessary to add the proper party within that time period.  Here, Osorio served the amended complaint within the ninety-day period.  The fact that he could have done so sooner appears to be irrelevant under Krupski.

8

See also Krupski, 560 U.S. at 549 ("The only question under Rule 15(c)(1)(C)(ii), ... is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.").

Krupski further held that dilatory conduct on the part of a plaintiff in naming the correct party even after learning of the mistake cannot serve as a basis to deny relation back if the requirements of Rule 15(c) are otherwise satisfied. Id. at 553-54. As a result, Osorio's failure to timely serve the amended complaint, despite knowing that StepStone needed to be added to the complaint before the limitations period expired, does not preclude relation back.

Osorio has met all of the requirements set forth in Rule 15(c)(1)(C). As a result, the amended complaint relates back to the original complaint, and the claim against StepStone may proceed as timely.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss the amended complaint [ECF No. 3] is denied.

Dated: September 14, 2018

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court